UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Plaintiffs, <br> v. <br><br> DOUGLAS A. McCLAIN, SR., <br> PADMORE HOLDINGS LTD. <br><br> Defendants. | <br><br><br><br><br><br><br><br><br> CIVIL ACTION NO. <br><br> SA-10-CV-0534 OG (NN) |
| THE NUNLEY FIRM, LLP, <br><br> Intervenor Plaintiff, <br> v. <br><br> PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Intervenor Defendants. | |

## ORDER GRANTING MOTION TO AMEND

This order addresses the plaintiffs' motion for leave to amend their complaint.[1] The proposed second amendment complaint names three additional defendants: (1) Debra A.

---

[1] Docket entry # 35.

McClain, (2) James T. Miceli, and (3) Argyll Biotechnologies, LLC (Argyll).  Without stating why it has standing to object to the amendment, defendant Padmore Holdings Ltd (Padmore) argued that the amended complaint fails to comply with the Federal Rules of Civil Procedure and asked the court to strike the motion to amend.[2]  Padmore's objection lacks an arguable basis in law.

Padmore relied on Rule 16 which governs the amendment of pleadings after issuance of a scheduling order.  Rule 15 governs the amendment of pleadings prior to the issuance of a scheduling order.  A scheduling order has not issued.  Rule 15 favors amendment.[3]

Padmore also relied on Rule 9.  That rule requires a plaintiff to plead fraud with particularity.[4]  The proposed amended complaint set forth detailed factual allegations about an alleged fraudulent transfer scheme involving Debra A. McClain, Miceli, and Argyll, and defendants Douglas A. McClain Sr. and Padmore.[5]  These allegations are sufficient under Rule 9 because the allegations plead particular circumstances constituting fraud.

The motion for leave to file a second amended complaint (docket entry # 35) is granted.  The motion to strike the motion (docket entry # 47) is denied.  Padmore and its attorneys are

---

[2] Docket entry # 47.

[3] Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

[4] Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

[5] Docket entry # 35, attach. 1, ¶¶ 48-51, 61-65 & 72-77.

admonished about Rule 11's requirement to present arguments with an arguable basis in law[6] and about the possibility of sanctions for violating the rule.[7]

    **SIGNED** on October 29, 2010.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6] Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .").

[7] Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.").