UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Plaintiffs, <br> v. <br><br> DOUGLAS A. McCLAIN, SR., <br> PADMORE HOLDINGS LTD. <br><br> Defendants. | § | |
| THE NUNLEY FIRM, LLP, <br><br> Intervenor Plaintiff, <br> v. <br><br> PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Intervenor Defendants. | § | CIVIL ACTION NO. <br><br> SA-10-CV-0534 OG (NN) |

## REPORT AND RECOMMENDATION

TO:    Honorable Orlando
       United States District Court

This report considers the pending motion for entry of judgment under Rule 54(b) and

Rule 55(b) against defendant Padmore Holdings, Ltd (Padmore).[1]  The plaintiffs relies on the clerk's entry of default against Padmore.[2]  In the motion, the plaintiffs asked the district court to enter judgment because no just reason exists for delay.[3]

In response, Padmore asserted that the clerk's entry of default was improper.[4]  Padmore stated that it had manifested its intent to defend itself in this case.  Padmore did not ask the district court to set aside the clerk's entry of default, but Padmore's response is reasonably construed as a motion to set aside the clerk's entry of default.

Rule 55(c) permits the district court to "set aside an entry of default for good cause."  "The decision whether to set aside a default judgment is left to the sound discretion of the trial judge and will be reversed only for an abuse of discretion."[5]  In considering whether good cause exists, courts consider "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented."[6]

---

[1]Docket entry # 36.

[2]Docket entry # 34.

[3]Rule 54 provides as follows:

When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is *no just reason for delay*.

Fed. R. Civ. P. 54(b) (italics added).

[4]Docket entry # 38.

[5]*Dolphin Plumbing Co. v. Fin. Corp. of N. Am.*, 508 F.2d 1326, 1327 (5th Cir. 1975).

[6]*Effjohn Int'l Cruise Holdings v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003).

Padmore did not address why good cause requires the court to set aside the clerk's entry of default, but Padmore's response implies good cause exists because of an administrative suspension in the British Virgin Islands. Padmore suggested that the suspension prevented it from conducting business, but did not explain why the suspension prevented it from answering the plaintiffs' complaint. Ultimately, Padmore ultimately answered the complaint,[7] evidencing intent to defend itself, but the delay is also consistent with the plaintiffs' theory of this case—that defendant Douglas McClain, Sr. is using Padmore to avoid payment of the Massachusetts state-court judgment at the heart of this case.[8] The good-cause factors do not weigh in favor of setting aside the clerk's entry of default. The delay in answering appears to be willful because Padmore did not explain why an administrative suspension precluded it from answering the complaint. Nevertheless, setting aside the default does not prejudice the plaintiffs, but instead requires the plaintiffs to prove their claims. The plaintiffs have presented plausible claims.

**Recommendation**. Although the good-cause factors do not weigh in favor of finding good cause, the Fifth Circuit has adopted "a policy in favor of resolving cases on their merits and against the use of default judgments."[9] This policy weighs in favor of setting aside the clerk's entry of default. Based on that policy, I recommend setting aside the clerk's entry of default, and denying the plaintiffs' motion for a default judgment (# 36).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

---

[7]Docket entry # 37.

[8]Docket entry # 7, pp.2-3.

[9]*Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[10] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[11] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[12]

**SIGNED** on October 29, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[11] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[12] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).