UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PETER BRAMANTE, § <br> MICHAEL BRAMANTE, § <br> ERNEST COVINO, § <br> ROBERT KAMINSKI, § <br> ERNEST RAMEY, § <br> CHRISTOPHER BRAMANTE, and § <br> DONNA M. BRAMANTE, § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> DOUGLAS A. McCLAIN, SR., § <br> PADMORE HOLDINGS LTD. § <br> § <br> Defendants. § <br>------------------------------------------------------§<br> § <br> THE NUNLEY FIRM, LLP, § <br> § <br> Intervenor Plaintiff, § <br> v. § <br> § <br> PETER BRAMANTE, § <br> MICHAEL BRAMANTE, § <br> ERNEST COVINO, § <br> ROBERT KAMINSKI, § <br> ERNEST RAMEY, § <br> CHRISTOPHER BRAMANTE, and § <br> DONNA M. BRAMANTE, § <br> § <br> Intervenor Defendants. § | CIVIL ACTION NO. <br><br> SA-10-CV-0534 OG (NN) |

**ORDER DENYING INTERVENOR'S MOTION FOR PROTECTIVE ORDER**

This order addresses the intervenor's motion to file under seal[1] and motion for protective

---

[1] Docket entry # 44.

order.[2]

**Intervenor's motion to seal**. In the motion to file under seal, the intervenor asked the court to seal its motion for protective order. As the reason, the intervenor stated that the confidential settlement agreement ending the dispute in Cause No. 06-CA-010-OLG was attached to its motion for protective order.

Ordinarily, the presumption favoring access to judicial records weighs against sealing court filings.[3] In considering whether to seal a court filing, the court must first determine whether the "paper [is] a judicial document subject to the right of public access."[4] "[T]o be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'"[5]

The court does not need the settlement agreement to resolve the intervenor's motion for protective order. Consequently, the settlement agreement is not useful to the judicial process. Because the court can resolve the motion without the settlement agreement, the court DENIES the motion to seal (docket entry # 45).

Because there is nothing confidential about the motion to file under seal, the court DIRECTS the clerk of the court to REDACT the caption on the first page of the motion to file under seal reading "FILED UNDER SEAL" and redesignate the motion to file under seal as available for public access

---

[2]Docket entry # 45.

[3]*See United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995).

[4]*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

[5]*Lugosch*, 435 F.3d at 119 (internal citation omitted).

**Intervenor's motion for protective order**.  In its motion for protective order, the intervenor asked the court for a protective order excusing it from responding to certain requests for production.[6]  The intervenor asserted that answering the requests for production will cause the intervenor to violate the terms of the confidential settlement agreement in Cause No. 06-CA-010-OLG, but it did not explain why.

Rule 34 permits a party to seek production of relevant, non-privileged documents.[7]  The rule also provides for objecting to requests for production by stating the grounds of the objection with specificity,[8] or moving for a protective order under Rule 26.[9]  A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[10]  The intervenor has not stated the grounds of its objection with specificity, or certified that it has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The motion for protective order (docket entry # 45) is DENIED.

The court DIRECTS the clerk of the court to WITHDRAW exhibit B—the "confidential settlement agreement"—from the motion for protective order, REDACT the caption on the first

---

[6]Docket entry # 45, p. 3 (asking not to answer plaintiffs' first requests for production nos. 1-4, 7-9 and 35).

[7]Fed. R. Civ. P. 34(a).

[8]Fed. R. Civ. P. 34(b)(2) ("An objection to part of a request must specify the part and permit inspection of the rest.").

[9]Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .").

[10]*Id*.

page of the motion reading "FILED UNDER SEAL," and RETURN exhibit B to the intervenor.

**IT IS SO ORDERED.**

**SIGNED** on November 2, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE