UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Plaintiffs, <br> v. <br><br> DOUGLAS A. McCLAIN, SR., <br> PADMORE HOLDINGS LTD. <br><br> Defendants. <br>--------------------------------------------- <br> THE NUNLEY FIRM, LLP, <br><br> Intervenor Plaintiff, <br> v. <br><br> PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Intervenor Defendants. | § | CIVIL ACTION NO. <br><br> SA-10-CV-0534 OG (NN) |

**ORDER DENYING MOTIONS FOR PROTECTIVE ORDER
and ORDER REGARDING SEALED SUBMISSIONS**

This order addresses the defendants' motions to file under seal.[1]  In the motions, the

---

[1] Docket entry #s 55 & 56.

defendants asked the court to file under seal motions for protective order. As the reason for sealing, the defendants stated that the confidential settlement agreement ending the dispute in Cause No. 06-CA-010-OLG was attached to the motions for protective order. This order also addresses the motions for protective order attached to the motions to seal.

Ordinarily, the presumption favoring access to judicial records weighs against sealing court filings.[2] In considering whether to seal a court filing, the court must first determine whether the "paper [is] a judicial document subject to the right of public access."[3] "[T]o be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'"[4]

The defendants identified the terms of the confidential settlement agreement as the basis for their motions. The proposed motions for protective order likewise rely on terms of the confidential settlement agreement as the basis for seeking judicial relief from the plaintiffs' first requests for production (numbers 1-14) and requests for interrogatories. However, the defendants did not explain how responding to the requests for production and requests for interrogatories will violate the confidential settlement agreement. Without specificity, the court cannot determine whether the settlement agreement is useful in the judicial process—that is, the court cannot determine whether the settlement agreement would be useful in resolving the proposed motions for protective order because the defendants did not indicate what information elicited through the discovery requests is confidential.

---

[2] *See United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995).

[3] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

[4] *Lugosch*, 435 F.3d at 119 (internal citation omitted).

Despite this determination, the motions to seal (docket entry #s 55 & 56) are GRANTED because the defendants quoted portions of the settlement agreement in the motions for protective order. In the absence of specific objections to the subject discovery, the motions for protective order are DENIED.

Given the number of recent filings which the parties have submitted under seal due to inclusion of references to and reliance on the confidential settlement agreement in Cause No. SA-06-CA-010, it is ORDERED that:

1. The defendants submit for separate filing under seal in this case a copy of the settlement agreement in Cause No. SA-06-CA-010.

2. Any document filed in this litigation in the future which relies on the settlement agreement should refer to the above sealed docket entry; there is no need to re-submit that document to the court as an attachment to future filings in this case.

3. Any reference to the sealed settlement agreement in any future submission in this case should be by page and paragraph number of the settlement agreement; there is no need to quote specific language from the settlement agreement.

Compliance with the above will obviate the need to submit future documents to the court under seal.

**SIGNED** on November 2, 2010.

                                                              NANCY STEIN NOWAK
                                                              UNITED STATES MAGISTRATE JUDGE