UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Plaintiffs, <br> v. <br><br> DOUGLAS A. McCLAIN, SR., <br> PADMORE HOLDINGS LTD. <br><br> Defendants. | § | CIVIL ACTION NO. <br><br> SA-10-CV-0534 OG (NN) |
| THE NUNLEY FIRM, LLP, <br><br> Intervenor Plaintiff, <br> v. <br><br> PETER BRAMANTE, <br> MICHAEL BRAMANTE, <br> ERNEST COVINO, <br> ROBERT KAMINSKI, <br> ERNEST RAMEY, <br> CHRISTOPHER BRAMANTE, and <br> DONNA M. BRAMANTE, <br><br> Intervenor Defendants. | § | |

**ORDER GRANTING MOTION TO COMPEL (Docket entry #66)**

The matter before the Court is Plaintiffs' motion to compel defendant Padmore Holdings, Inc. to respond to interrogatories 13-16 and requests for production 4-8 and 13 (docket entry 66).

Defendant did not respond to the motion.  The motion is made pursuant to Federal Rule of Civil Procedure 37(a).

The Court has reviewed the requested discovery and finds that the information sought is relevant to plaintiffs' claims.  Defendant Padmore, responding through its 10% shareholder defendant Douglas McClain, Sr., answered the interrogatories.  Padmore responded that no person or entity had been gifted or sold shares of Immunosyn by Padmore (#13 and #14), and that no persons or entities had received funds for the sale Immunosyn stock described in a Stock Purchase Agreement, attached as Exhibit A to the interrogatories and to this motion (#15).  Responding for Padmore, McClain stated that as to the identity of bank accounts, brokerage accounts or financial accounts: "I don't know but I believe none."  As to the requests for production, McClain answering for Padmore stated "I have no such information" when asked to produce all documents concerning the sale, transfer or gifting of assets owned by Padmore, the sale of Immunosyn stock by Padmore, and bank and other financial accounts.  Regarding stock certificates owned or issued by Padmore, the response states: "To my knowledge, J. Ken Nunley holds the stock certificates for Padmore."

Plaintiffs argue that if McClain doesn't possess or have access to information responsive to this discovery, Padmore should be required to identify and provide responses from someone who does have this information.  The Court agrees. Defendant Padmore cannot be compelled to respond and produce what it does not have.  However, the discovery has been propounded to Padmore, not McClain, and what McClain knows or possesses is not the relevant inquiry. If documents exist they must be produced by Padmore and interrogatories must be answered.  The current responses are clearly inadequate.  Notably, Padmore did not file a response in opposition

to the motion to compel.

Accordingly, the unopposed motion to compel is ORDERED GRANTED. Defendant Padmore is ORDERED to provide full and complete responses to the requested discovery no later than December 8, 2010.

**SIGNED** on November 23, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE